***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence, and upon reconsideration, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. The parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. The parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. An employment relationship existed between plaintiff and defendant-employer at all relevant times.
5. Plaintiff earned an average weekly wage of $389.20, yielding a compensation rate of $259.47.
6. Plaintiff has been employed by defendant-employer since the time of the event on March 19, 2002 and was working at the time of the Deputy Commissioner's hearing.
7. Plaintiff filed a Form 18M that was denied by the Executive Secretary in October of 2005. An Opinion and Award was issued by Deputy Commissioner Phillip A. Holmes on July 13, 2006, which denied the Form 18M application but ordered defendants to provide plaintiff with medical treatment recommended by his treating physician as a result of his compensable injury for as long as the treatment effects a cure, gives relief, or tends to lessen the period of disability.
8. Plaintiff received a 7.5% permanent partial impairment rating from his treating physician, Dr. John Lee Graves, and a 10% permanent partial impairment rating from his second opinion physician, Dr. Edwin T. Preston.
 *********** *Page 3 EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records
 (c) Stipulated Exhibit 3: Deposition of Dr. John L. Graves
 (d) Stipulated Exhibit 4: March 30, 2006 Medical Note of Dr. Graves
 (e) Stipulated Exhibit 5: January 30, 2007 Medical Note of Dr. Graves
 *********** ISSUES (a) Should defendant be entitled to pay plaintiff his permanent partial impairment rating or is said rating payment premature?
 (b) If defendant is entitled to pay plaintiff his rating, what percentage rating should be paid to plaintiff?
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner's hearing, plaintiff was 68 years old. He is a high school graduate with one year of college. Plaintiff began working for defendant in 2000.
2. Plaintiff suffered a compensable injury by accident to his back on March 19, 2002 while working as a retail goods stocker for defendant. On this date, plaintiff fell and struck a concrete floor after slipping on a piece of cardboard paper. Defendant admitted the compensability of plaintiff's injury as a medical only claim since plaintiff had no lost time from *Page 4 
work. As of the Deputy Commissioner's hearing, plaintiff continued to work as a greeter for defendant.
3. Plaintiff was initially treated by Prime Care Medical Care and was then referred to an orthopedist, Dr. John L. Graves.
4. Plaintiff first saw Dr. Graves on May 28, 2002. Dr. Graves requested an MRI and referred plaintiff for physical therapy through Southeastern Orthopaedic Specialists. Dr. Graves also suggested an SI joint injection. Plaintiff declined to undergo the joint injection but attended seven physical therapy sessions throughout the month of June 2002, and thereafter he was discharged from further medical evaluation.
5. On March 9, 2006, plaintiff was seen by Dr. Edwin T. Preston of Triangle Orthopaedic Associates. Dr. Preston reviewed plaintiff's medical history with regard to his workplace injury and performed his own examination and evaluation. Dr. Preston found that plaintiff had reached maximum medical improvement with a 10% permanent impairment rating to his back.
6. On March 30, 2006, plaintiff returned to his treating physician, Dr. Graves. Dr. Graves assessed plaintiff as suffering from multilevel lumbar degenerative disk disease with chronic lumbar pain with mild to moderate right S1 nerve root irritation. He also expressed his opinion that these symptoms were related to plaintiff's March 19, 2002 workplace accident. Regarding treatment going forward, Dr. Graves recommended that plaintiff see Dr. Bartko, the practice's physical medicine rehabilitation specialist, for consideration of lumbar facet injections or epidural steroid injections. At that time, plaintiff declined to undergo these injections. Dr. Graves stated that should plaintiff decline the injections, he would assess plaintiff as having reached maximum medical improvement with a 7.5% permanent impairment rating to his back. *Page 5 
7. Following plaintiff's decision not to proceed with lumbar injections, defendant attempted to pay plaintiff a permanent partial impairment rating; however, plaintiff refused to accept payment of the rating. At the hearing of this matter before the Deputy Commissioner, plaintiff testified that he believes that he needs additional medical treatment. Accordingly, the Deputy Commissioner by Order dated December 6, 2006, ordered:
 Following the hearing, plaintiff shall undergo an evaluation by Dr. Graves regarding his treatment options based upon his current medical condition. No later than ten days from receipt of Dr. Graves medical note from this evaluation, plaintiff shall advise the undersigned and the defendant whether plaintiff elects to proceed with any recommended medical treatment and/or further evaluation and if so, the scheduled date for such treatment and/or further evaluation.
8. Pursuant to the above Order, plaintiff returned to Dr. Graves for a current evaluation on January 30, 2007. Dr. Graves assessed plaintiff as having persistent chronic low back pain secondary to multilevel lumbar degenerative disk disease with some left sacroiliitis. Dr. Graves again recommended that plaintiff undergo either a sacroiliac joint injection or lumbar epidural steroid injection; however, after a "lengthy discussion" with plaintiff about injection therapy, plaintiff once again declined to undergo this form of treatment. Dr. Graves then opined as follows: "I would state he's at maximum medical improvement, I don't think he's a good surgical candidate. However, if he wishes to see a spine surgeon this could be set up for him but I don't feel he's a surgical candidate. His rating would be unchanged from our previous rating of 7.5% PPI."
9. Following his January 30, 2007 appointment with Dr. Graves, plaintiff failed to comply with the December 6, 2006 Order because he did not advise the Deputy Commissioner whether he would proceed with the recommended lumbar injections and/or undergo a surgical consultation. Plaintiff's written contentions filed on April 17, 2007 stated that plaintiff "did not *Page 6 
have such an appointment scheduled prior to the close of evidence in this matter (March 5, 2007) and did not indicate to counsel that he wished to do so prior to this date."
10. Based upon Dr. Graves' March 30, 2006 and January 30, 2007 evaluations, and the other medical evidence of record, Full Commission finds that plaintiff reached maximum medical improvement for his back condition as of March 30, 2006.
11. The Full Commission gives greater weight to the impairment evaluation by Dr. Preston and finds that as the result of his admittedly compensable injury by accident, plaintiff has sustained a 10% permanent functional impairment to his back. In assessing the impairment ratings, the Full Commission also gives weight to plaintiff's testimony that he continues to experience slippage of the disc, as well as pain in his lower back, on a frequent basis.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has reached maximum medical improvement for his compensable back injury and is not claiming temporary total or temporary partial disability compensation pursuant to N.C. Gen. Stat. §§ 97-29 or97-30. Accordingly, defendant is entitled to pay plaintiff, and plaintiff is entitled to receive, compensation for a permanent partial impairment rating of 10% to the back, which results in payments of $259.47 per week from March 30, 2006 and continuing for 30 weeks for a total payment of $7,784.10. N.C. Gen. Stat. § 97-31(23).
2. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his compensable back condition as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25. *Page 7 
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendant shall pay plaintiff for the 10% permanent partial impairment rating to the back at the rate of $259.47 per week from March 30, 2006 and continuing for 30 weeks for a total payment of $7,784.10. Because this compensation has accrued, it shall be paid in a lump sum.
2. Defendant shall pay for medical expenses incurred or to be incurred as a result of plaintiff's compensable back condition as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
3. A reasonable attorney's fee in the amount of 25% is hereby approved to be deducted from the accrued sums due plaintiff and paid directly to plaintiff's counsel.
4. Defendant shall pay the costs due the Commission.
This 30th day of January, 2008.
 S/______________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/______________________ PAMELA T. YOUNG CHAIR *Page 8 
 S/______________________ DANNY LEE McDONALD COMMISSIONER *Page 1